1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALVADOR ESPEJO ZAMUDIO,<br><br>                                    Petitioner,<br><br><br><br>         v.<br><br><br><br><br>L.S. MCEWEN, Warden; MATHEW CATE, Secretary,<br><br>                                    Respondents. | CASE NO.  12-CV-703-IEG (MDD)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION [Doc. No. 18];**<br><br>**(2) DENYING MOTION TO STAY AS MOOT [Doc. No. 5];**<br><br>**(3) DENYING MOTION FOR EVIDENTIARY HEARING WITHOUT PREJUDICE [Doc. No. 4]; and**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY WITHOUT PREJUDICE [Doc. No. 30]** |

This matter is before the Court on Petitioner's motions to stay and for an evidentiary hearing in connection with his Petition for Writ of Habeas Corpus ("Petition").  [Doc. Nos. 4, 5.]  Respondent opposes the motion to stay and argues the Petition is untimely, and should therefore be dismissed.  [Doc. No. 11.] Magistrate Judge Mitchell Dembin issued a Report and Recommendation ("R & R") recommending that the Court deny Petitioner's motions to stay and for an evidentiary hearing, and sua sponte dismiss the Petition as untimely.  [Doc. No. 18.] Petitioner subsequently filed an Objection to the R & R ("Objection").  [Doc. No. 31.]

Upon *de novo* review, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's R & R.  The Court adopts the Magistrate Judge's recommendation as to statutory tolling, but declines to adopt the recommendation to sua sponte dismiss the Petition.  The Court also declines to adopt the Magistrate Judge's recommendation for the motion to stay as the California Supreme Court has since ruled on the state habeas petition.  The Court **DENIES AS MOOT** the motion to stay.  The Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for an evidentiary hearing.  The Court also **DENIES WITHOUT PREJUDICE** a certificate of appealability as it is premature.

## BACKGROUND

The R & R contains a summary of the proceedings in this case.  The Court adopts the Magistrate Judge's background, subject to a few exceptions.  [Doc. No. 18, <u>R & R</u> at 1-2.]  Petitioner was convicted on September 4, 2008 of rape with a foreign object, forcible oral copulation, two counts of burglary and robbery, and kidnaping.[1]  [Doc. No. 1-1, <u>Abstract of Judgment</u> at 51.]  On direct appeal, the kidnaping charge, and several related enhancements, were overturned by the court of appeal.  [Doc. No. 1-1, <u>Court of Appeal Decision</u> at 20-34.]  Petitioner's appeal to the California Supreme Court was denied on April 20, 2010.[2]  On June 11, 2010, Petitioner was sentenced to twenty-five years to life plus five years, four months.

Petitioner argues that although he requested his appellate counsel to file a notice of appeal, counsel failed to do so.  [Doc. No. 1, <u>Petition</u> at 23-24.]  Petitioner states that he subsequently prepared a notice of appeal with the assistance of other

---

[1] The R & R states that Petitioner was convicted on June 11, 2009.  [Doc. No. 18, <u>R & R</u> at 1.]  However, other documents do not reflect that Petitioner was convicted on June 11, 2009.  Rather, the abstract of judgment, in addition to other parts of the Petition and the motion to stay, state that he was convicted on September 4, 2008.  [Doc. No. 1-1, <u>Abstract of Judgment</u> at 51; Doc. No. 1, <u>Petition</u> at 22; Doc. No. 5, <u>Mot. to Stay</u> at 2.]

[2] The R & R states that the California Supreme Court denied his appeal on April 16, 2010, but does not provide a citation.  Petitioner provides a copy of his appellate court docket which shows that the denial of his petition for review by the Supreme Court was filed on April 20, 2010.  [Doc. No. 1-1, Appellate Court Case Information at 37.]

12cv703

1
2
3

inmates, and presented it to prison officials for mailing on August 2, 2010.  He
believes that prison officials did not mail the notice of appeal to the court.  [Doc. No.
5, Mot. to Stay at 3.]

4
5
6
7
8
9
10

     Petitioner filed a Petition for Writ of Habeas Corpus in federal court on March
21, 2012 [Doc. No. 1] concurrently with a Petition to the California Supreme Court,
and motions for a stay and for an evidentiary hearing.  [Doc. Nos. 4, 5.]  On May 23,
2012, Respondent filed an opposition to Petitioner's motion to stay.  [Doc. No. 11,
Resp.'s Opp.]  Petitioner filed a reply on July 5, 2012.  [Doc. No. 17, Pet's Reply.]
On September 12, 2012, the California Supreme Court denied the state habeas
petition.  [Doc. No. 31, Objection at 20.]

11

## LEGAL STANDARD

12
13
14
15
16
17
18

     The duties of the district court in connection with a magistrate judge's R & R
are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. §
636(b)(1).  The district court "must make a de novo review determination of those
portions of the report . . . to which objection is made," and "may accept, reject, or
modify, in whole or in part, the findings or recommendations made by the
magistrate."  28 U.S.C. § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S.
667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

19

## DISCUSSION

20

## I.    Motion to Stay

21
22
23
24
25

     Petitioner seeks a stay of the federal Petition in order to exhaust his state
remedies.  [Doc. No. 5, Mot. to Stay.]  On September 12, 2012, the California
Supreme Court denied the state habeas petition.  Therefore, the Court **DENIES AS
MOOT** the motion to stay.  The only issue before the Court is whether to accept the
Magistrate Judge's recommendation to sua sponte dismiss the Petition as untimely.

26
27
28

/ / /
/ / /
/ / /

**II.    Statute of Limitations**

Habeas petitions are governed by a one-year period of limitation, which begins to run on the date on which judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1). The R & R concludes that Petitioner's conviction became final on August 10, 2010, after the expiration of the 60-day period during which he could have filed a direct appeal following his sentencing on June 11, 2010.[3] Therefore, the R & R concludes that Petitioner's one-year statute of limitations began to run on August 10, 2010. Because Petitioner did not file his Petition until March 21, 2012, which was 589 days after August 10, 2010, the R & R concludes that the Petition is untimely. However, the issue of when the conviction became final may be complicated by California's prison-delivery rule, which could render Petitioner's notice of appeal timely. This rule provides that a prisoner's notice of appeal is deemed timely if delivered to prison officials within the filing period. In re Jordan, 4 Cal. 4th 116 (1992).

Here, Petitioner states that he gave his notice of appeal to the prison authorities on August 2, 2010, which is within the filing period. [Doc. No. 13, Objection at 13.] Neither the parties nor the R & R explicitly addressed the applicability of the prison-delivery rule to the question of when Petitioner's conviction became final. Further briefing on the issue of when Petitioner's conviction became final in light of California's prison-delivery rule is necessary.

/ / /

_____

[3] Petitioner in his Objection states that he was sentenced on June 10, 2010. [Doc. No. 31, Objection at 12.] Petitioner also states that he had 90 days from that date to file a petition for review with the California Supreme Court, which would have expired on September 10, 2010. [Id.] Petitioner contends that therefore, the one-year statute of limitations would have expired on September 10, 2011. [Id.] Petitioner cites no support for his contention that he had 90 days to file a petition for review.

A judgment becomes final after the time for direct appeal expires. 28 U.S.C. § 2244(d)(1)(A). The California Rules of Court provide that "a notice of appeal . . . must be filed within 60 days after the rendition of judgment or the making of the order being appealed." Cal. Rules of Court R. 8.308(a). Accordingly, the Court agrees with the Magistrate Judge's determination that the conviction became final on August 10, 2010.

Accordingly, the Court **REMANDS** to the Magistrate Judge for further briefing and an R & R on the issue of when Petitioner's conviction became final.

### A.     Statutory Tolling

The one-year limitations period for habeas petitions is tolled when a properly filed petition for habeas relief is pending in state court. 28 U.S.C. § 2244(d)(2). The R & R correctly states that the state court petition was filed on the same day as the federal Petition and concludes that therefore, statutory tolling is inapplicable. [Doc. No. 18, R & R at 3.] Further, Petitioner concedes that "statutory tolling [is] not appropriate" in his Objection. [Doc. No. 31, Objection at 6.] Accordingly, the Court concludes that Petitioner is not entitled to statutory tolling, and **ADOPTS** the R & R's recommendation as to statutory tolling.

### B.     Equitable Tolling

A petitioner is only entitled to equitable tolling "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Generally, a party seeking equitable tolling bears the burden of establishing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)). The petitioner bears the burden of showing that "extraordinary circumstances," rather than his lack of diligence, were the cause of any untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner must also show a causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

#### 1.     Counsel's Failure to File Notice of Appeal

The Court agrees with the R & R that counsel's failure to file a notice of appeal "did not cause any undue delay or otherwise affect Petitioner's petitions for

habeas relief" as Petitioner was able to timely prepare a notice of appeal.  [Doc. No. 18, <u>R & R</u> at 4.]

### 2.    Initial 6-month Period Following Petitioner Giving Notice of Appeal to Prison Officials

The Court also agrees with the R & R that equitable tolling should not be granted for the initial 6-month period following when Petitioner gave his notice of appeal to prison officials on August 2, 2010 due Petitioner's lack of diligence. Although Petitioner believed that "he would not hear anything for about six months" after the notice of appeal was given to prison officials [Doc. No. 31, <u>Objection</u> at 8], ignorance of the law does not constitute an extraordinary circumstance.  <u>See</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that pro se petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").  As Petitioner did not pursue his rights diligently during this time period, the Court agrees that equitable tolling should not be granted for the period between August 2010 and February 2011.

### 3.    Period Following Initial 6 Months

Petitioner also raises his language limitations and his status as a sex offender as contributing to his inability to timely file the Petition.  Following the 6-month period, Petitioner "start[ed] to be concerned" about his lack of response regarding his notice of appeal, and began to seek advice from other inmates at Calipatria state prison and help at the Calipatria law library.[4]  [Doc. No. 31, <u>Objection</u> at 8-9; Doc. No. 31, Zamudio Decl. at 35.]  Plaintiff states that his attempts to seek help from other inmates were unsuccessful due to his conviction for a sex offense.  He stated

---

[4] However, Petitioner's statements in a declaration attached to a letter to Judge Weber regarding his notice of appeal seem to contradict his statements in the Objection.  In the declaration, he stated that from "August 2, 2010 to September 26, 2011, [he had] been patiently awaiting a letter from an attorney" regarding his appeal.  [Doc. No. 1-1, Zamudio Decl. at 65.]  He said that on September 26, he spoke with an inmate named "Cruz Ibarra" who "helped [him] understand the appeal process."  [<u>Id.</u>]  Petitioner does not mention any other attempts before September 26 to seek help for his case.  Petitioner is requested to clarify this issue, as he now argues that he began seeking assistance around February 2011.

that many inmates would not help sex offenders, and if other inmates discovered that he was convicted of a sex offense, his life could be in danger.  [Doc. No. 31, Objection at 8; Doc. No. 31, Zamudio Decl. at 34.]  Petitioner also stated that some inmates requested money for their assistance.  He was initially unable to pay the $1500 that an inmate requested.  [Doc. No. 31, Objection at 8; Doc. No. 31, Zamudio Decl. at 35-36.]  Petitioner stated that he was able to secure assistance from a new inmate who arrived at Calipatria state prison on September 2011, who asked to be paid $1200 to work on his case.  Petitioner sought help from his sister to raise the money, and she complied.  The inmate filed the Petition and several motions, including those presently before the Court, after Petitioner paid him.  [Doc. No. 31, Objection at 9; Doc. No. 31, Decl. of Zamudio at 36-37.][5]

The R & R cites Mendoza v. Carey for the proposition that language limitations, without more, do not justify equitable tolling.  449 F.3d 1065, 1070 (9th Cir. 2006).  However, the Ninth Circuit in Mendoza also found that the combination of a prison law library's lack of Spanish-language legal materials in combination with a petitioner's inability to obtain translation assistance could constitute extraordinary circumstances.  Id. at 1069.  The Ninth Circuit cited favorably the decisions of other Circuits which "have recognized that equitable tolling may be justified if language barriers actually prevent timely filing."  Id.  The Ninth Circuit "conclude[d] that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own

---

[5] Petitioner also raises the issue of actual innocence, and argues that because he asserts actual innocence on counts 1 and 2 of his conviction, he should be entitled "to overcome and pass through any time bar . . . ."  [Doc. No. 31, Objection at 6.]  Although an actual innocence claim may remove the timeliness bar, see United States v. Zuno-Arce, 339 F.3d 886, 890 n.5 (9th Cir. 2003), "[t]o be credible, [an actual innocence] claim requires petitioner to support his allegations . . . with new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 324, 327 (1995); see also Williams v. Dexter, 649 F.Supp.2d 1055, 1062 (C.D. Cal. 2009).  The Court cautions Petitioner that threadbare arguments without any identification of the new evidence supporting actual innocence will not render the Petition timely.

language or translation assistance from an inmate, library personnel, or other source." Id. at 1070. Although Petitioner does not allege that he was unable to procure legal materials in Spanish, he does argue that he was unable to find translation assistance. [Doc. No. 31, Objection at 15-16.]

Petitioner in his Objection also raises the argument that his status as a sex offender contributed to his inability to timely file his Petitioner. Numerous district courts have found that the fact that a petitioner is a sex offender, standing alone, is not sufficient to grant equitable tolling because it is neither an extraordinary circumstance, see, e.g., Britt v. Runnels, 2008 WL 2561111, at *4 (E.D. Cal. June 24, 2008); Barberg v. Quinn, 2007 WL 641850, at *1 (W.D. Wash. Feb. 23, 2007), nor a circumstance that is beyond Petitioner's control, see, e.g., McCoy v. Sisto, 2010 WL 455464, at *3 (E.D. Cal. Feb. 3, 2010); Britt, 2008 WL 2561111, at *4 ("The fact that [petitioner] was convicted of a sex crime, the predicate to the circumstance in which [petitioner] finds himself, was not a circumstance beyond his control."); see also Smith v. Small, 2011 WL 5513227, at *3 (S.D. Cal. Nov. 10, 2011).

The Court declines to adopt the R & R to the extent it concludes that "although Petitioner struggles with English, he has a demonstrated ability to understand and file legal documents," which the R & R states is evidenced by his timely notice of appeal. [Doc. No. 18, R & R at 6.] Petitioner's Objection makes clear that he has always had to rely on others for assistance, including for the drafting of the notice of appeal, and that he does not by himself have the ability to understand and file legal documents. [Doc. No. 31, Objection at 10, 16.]

Petitioner has raised several factors that he argues affected his ability to timely file the Petition, including his status as a sex offender and his inability to read and write in either English or Spanish. Although standing alone, each factor may not show extraordinary circumstances, Petitioner's Objection has raised the question that the factors in combination, in addition to his continuing efforts to obtain assistance,

may warrant equitable tolling for the period of time following the 6-month period after he gave his notice of appeal to prison officials.

Because Petitioner has raised circumstances, which in combination, may warrant equitable tolling, the Court **REMANDS** the action to the Magistrate Judge for further briefing regarding this issue, and an R & R on equitable tolling. The Court finds that it is inappropriate to resolve the issue of equitable tolling, which is "highly fact-dependent," see Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005), without further briefing, as this issue was not squarely before the parties and the Magistrate Judge on the motion to stay.

## III. Certificate of Appealability

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" Beaty v. Stewart, 303 F.3d 975, 984 (9th Cir. 2002) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, because the Court declines to dismiss the Petition, the Court **DENIES AS MOOT** a certificate of appealability.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** Magistrate Judge Dembin's Report and Recommendation. The Court **DENIES** the motion to stay as moot as the California Supreme Court denied Petitioner's state petition. The Court declines to sua sponte dismiss the Petition, and **REMANDS** to the Magistrate Judge to order further briefing regarding the issues of when Petitioner's conviction became final and the applicability of equitable tolling, and to be addressed by R & R. The Court **DENIES WITHOUT PREJUDICE** the

12cv703

motion for an evidentiary hearing.  Petitioner may re-file this motion at a later time.
The Court **DENIES WITHOUT PREJUDICE** a certificate of appealability.

      **IT IS SO ORDERED.**

**DATED:** March 18, 2013

**IRMA E. GONZALEZ**
**United States District Judge**

- 10 -

12cv703