```
FILED
JUN 12 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ZAMUDIO,<br><br>    Petitioner,<br><br>vs.<br><br>MATHEW CATE, Secretary<br><br>    Respondent. | CASE NO. 12-CV-703-BEN (MDD)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) OVERRULING OBJECTIONS;**<br><br>**(3) DENYING PETITION;**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY.**<br><br>[Docket No. 39] |

On March 21, 2012, Petitioner Salvador Zamudio filed a Petition for Writ of Habeas Corpus. (Docket No. 1). Zamudio seeks relief from convictions in California state court pursuant to 28 U.S.C. § 2254. Before this Court is a Report and Recommendation Following Remand, issued by the Honorable Mitchell D. Dembin. (Docket No. 39). For the reasons stated below, the Report and Recommendation is **ADOPTED** and Petitioner's Objections are **OVERRULED**. The Petition is **DENIED**.

## BACKGROUND

On September 4, 2008, Petitioner was convicted of rape with a foreign object, forcible oral copulation, two counts of burglary, robbery, and kidnaping, and was sentenced to twenty-five years to life, plus fourteen years and eight months. (Docket

No. 1-1 at 20-21). On appeal, the California Court of Appeal overturned the kidnaping charge, and several related enhancements. (*Id.* at 21, 49). Petitioner appealed the remaining charges to the California Supreme Court, and his appeal was denied on April 20, 2010. (*Id.* at 37). On June 11, 2010, Petitioner was resentenced on the remaining counts to twenty-five years to life, plus five years and four months. (*Id.* at 49). Petitioner filed the instant Petition on March 21, 2012, while his state petition was pending. (Docket No. 1).

On August 1, 2012, the Honorable Mitchell D. Dembin issued a Report and Recommendation recommending that Petitioner's motions to stay and for an evidentiary hearing be dismissed, and that the court sua sponte dismiss the Petition as untimely. (Docket No. 18). On March 18, 2013, the Honorable Irma E. Gonzalez adopted in part and declined to adopt in part the Report and Recommendation. (Docket No. 32). Judge Gonzalez remanded the matter to Judge Dembin to order further briefing "regarding the issues of when Petitioner's conviction became final and the applicability of equitable tolling." (*Id.* at 9). On August 28, 2013, this matter was reassigned from Judge Gonzalez to the undersigned. (Docket No. 38). After receiving additional briefing from both Respondent (Docket No. 36) and Petitioner (Docket No. 37), Judge Dembin issued a thoughtful and thorough Report and Recommendation Following Remand on April 24, 2014. (Docket No. 39). Petitioner filed an Objection to the Report and Recommendation. (Docket No. 40). No timely reply to the Objection was received by this Court.

## LEGAL STANDARD

A Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Pursuant to AEDPA, all federal habeas petitioners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Under the circumstances of this case, the statute of limitations began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

AEDPA's statute of limitations provision is subject to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). However, equitable tolling is "unavailable in most cases" and is "appropriate only 'if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Id.* (citations omitted) (emphasis in *Miranda*). The threshold for equitable tolling is "very high." *Id.* (citation omitted).

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations. 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I. Timing of Petitioner's Final Conviction

In California, a notice of appeal must be filed within sixty days after rendition of judgment. CAL. RULES OF COURT R. 8.308(a). Absent an appeal, a conviction becomes final after sixty days. *Id.* The notice is deemed timely if delivered to prison officials within the filing period. *In re Jordan*, 4 Cal. 4th 116, 118-19 (1992). As Petitioner was sentenced on June 11, 2010, his conviction became final on August 10, 2010 unless he filed a timely appeal. In the Report and Recommendation, the Magistrate Judge carefully considered Petitioner's claims that he handed a notice of appeal to a prison guard on August 2, 2010. The Report and Recommendation concludes that there is no corroborating, independent evidence in the record to support his claim, and discusses Petitioner's failure to pursue the matter with any court for more than one year. (R&R at 3-6). Applying the relevant California law, the Report and Recommendation concluded that Petitioner's conviction became final sixty days after his sentencing. (*Id.* at 6). Petitioner's conviction therefore became final on

---

[1] Petitioner does not assert that any of the situations outlined in 28 U.S.C. § 2244(d)(1)(B)-(D) apply.

August 10, 2010.[2]

This Court has carefully considered the Objection filed by Petitioner. Petitioner protests that he is unable to prove that he gave an appeal to prison officials, and argues that the prison industry has "very lucrative commercial interests in keeping prisoners incarcerated." (Obj. at 3). Petitioner also speculates that perhaps something got lost in the mail. (*Id.* at 4). The Report and Recommendation clearly considered Petitioner's arguments that he did file an appeal. After giving Petitioner an additional opportunity to submit information, the Magistrate Judge concluded that there was no independent evidence in the record to corroborate his claim that he gave the guards an appeal. The Magistrate Judge noted that Petitioner failed to pursue this matter with any court for more than one year. The Magistrate Judge points out that if a non-incarcerated defendant claimed to file a notice of appeal with no record and without following up for over a year, the appeal would be deemed untimely. Petitioner does not point to any misstatements in the discussion of the facts, flaws in reasoning, or legal errors in the Report and Recommendation. Petitioner provides no authority to undermine the Report and Recommendation's conclusion that the lack of independent evidence and the lengthy delay before asserting to any court that he did file an appeal renders his conviction final sixty days after resentencing. The vague suggestion that something was lost in the mail and general accusations of a possible motive to conceal his appeal do not provide a basis for this Court to conclude that such an appeal was actually filed.

Second, Petitioner appears to suggest that he was somehow denied a right to appeal, and appears to attack the performance of counsel. He claims he was left to "fend for himself," and appears to object to the fact that no one appealed for him. (*Id.* at 2-4). Petitioner makes references to his right to appeal and asks "Is Mr. Zamudio in fact being denied/prevented from having a right to appeal?" (*Id.* at 3). He asks whether it was assumed he would somehow know how to request an appeal. (*Id.*) He

---

[2] The Court notes that the Report and Recommendation incorrectly states the date as August 2, 2010. (R&R at 6). This appears to be a typographical error.

also appears to suggest that, "considering his disability," he was not advised of his right to appeal, and that "Even if he was informed, can it be said he would be able to understand?" (*Id.*) Petitioner also makes reference to his difficulties in reading and writing in English or Spanish, and asks if this affects his rights. (*Id.* at 2). He also suggests, but does not directly state, that he was not afforded opportunity for oral argument before his conviction was affirmed. (*Id.* at 4). It is unclear to this Court whether he refers to the appeals process for his first conviction, or to his resentencing. Such arguments do not prove a claim that he actually filed a timely appeal, and conflict with his representations that he did file a timely appeal. As such, they do not disturb the finality of the conviction.

## II. Equitable Tolling

The Report and Recommendation concluded that Petitioner was not entitled to equitable tolling. In his Objection, Petitioner restates his claims that he should receive equitable tolling due to his language limitations and his status as a sex offender. (*Id.* at 5). Petitioner speaks to the difficulties that one faces in navigating the legal system, especially for a non-English-speaking sex offender who does not have a lot of money. However, Petitioner does not point to any flaws in the reasoning of the Report and Recommendation or raise specific objections. Although Petitioner's situation may be difficult and he may believe that the law should allow him equitable tolling in his situation, he has not shown that he is entitled to equitable tolling under the law on these grounds.

The Court notes that, as stated above, Petitioner argues that he should be allowed to proceed because of problems with his attorney, and suggests that he may not have fully understood his rights with regard to appeal.[3] However, in Judge Gonzalez's Order Adopting in Part and Declining to Adopt in Part Report and Recommendation, the

---

[3] Although Petitioner points to the fact that a judge can request an attorney to certify that he has advised the defendant of his right to appeal, and that an attorney could have filed a notice on his behalf, he does not argue that this was required. Rather, he appears to suggest that these measure *should* have been taken.

1  Court concluded that Petitioner's arguments regarding counsel's failure to file a notice
2  of appeal were not a basis for equitable tolling. (Docket No. 32 at 5-6). The Court also
3  determined that equitable tolling should not be granted for the period between August
4  2010 and February 2011. (*Id.* at 6) Nothing before this Court undermines this
5  conclusion. The remand was ordered in response to Petitioner's claims regarding
6  language ability and the impact of his status as a sex offender, and the possibility that
7  this could have entitled him to equitable tolling after the initial six-month period.
8  Furthermore, to the extent Petitioner may have been seeking to assert problems with
9  filing an appeal beyond the alleged error of counsel, he has not properly raised these
10 issues. As noted above, Petitioner's claims also appear to be in tension with his
11 simultaneous claims that he did attempt to timely appeal.

12     After full consideration of Petitioner's arguments, this Court concurs with the
13 Magistrate Judge. Petitioner has not demonstrated that he is entitled to equitable
14 tolling. Accordingly, his petition is untimely.

15 III. Presumptions

16     Petitioner also expresses concern about "presumptions" that are being made.
17 (Obj. at 5-6). He does not point to any specific presumptions, and states that he merely
18 asks for a ruling based on the merits with a signature. (*Id.* at 6). However, out of an
19 abundance of caution, this Court has examined the Report and Recommendation, and
20 does not note any inappropriate presumptions.

21                    **CONCLUSION**

22     After full consideration of the Report and Recommendation, Petitioner's
23 Objection, and the record in this matter, this Court **ADOPTS** the Report and
24 Recommendation in full. Petitioner's Objection is **OVERRULED**. The Petition is
25 **DENIED** as untimely and the matter is **DISMISSED**. The Court **DENIES** a certificate
26 of appealability because the issues are not debatable among jurists of reason and there
27 ///
28 ///

are no questions adequate to deserve encouragement. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Clerk of Court shall enter judgment denying the Petition.

**IT IS SO ORDERED.**

Dated: June 2, 2014

HON. ROGER T. BENITEZ
United States District Judge